UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SCOTT MCCRUMB,

        Plaintiff,

v.                                                                                                  CA NO. 2:21-cv-718

UNION RAILROAD COMPANY, LLC,
TRANSTAR, LLC, and UNITED STATES
STEEL CORPORATION,

        Defendants,                                              **JURY TRIAL DEMANDED**

## COMPLAINT

AND NOW comes Plaintiff, Scott McCrumb, by and through his attorney, John Newborg, Esquire and files this Complaint against Union Railroad Company, LLC., Transtar, LLC., and United States Steel Corporation, as follows:

## NATURE OF THE ACTION

1. Plaintiff, Scott McCrumb (hereinafter "Plaintiff"), brings this action against Defendants because he was targeted and improperly terminated due to his age.

2. Plaintiff was an employee of the Union Railroad Company, LLC ("Union Railroad").

3. The relationship between Union Railroad and Transtar, LLC., and United States Steel Corporation is described below.

4. Plaintiff and similarly situated former Union Railroad employees were victims of a discriminatory pattern and practice designed to weed out employees over 40 years of age on the basis of their age.

5. Plaintiff, Scott McCrumb, brings this action for violations of the Age Discrimination in Employment Act, as amended, 29 U.S.C. § 621, *et seq.* ("ADEA").

## JURISIDCTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's ADEA claims pursuant to 29 U.S.C. § 626(c) and 28 U.S.C. § 1331.

7. This Court has subject matter jurisdiction over Plaintiff's Pennsylvania Human Relations Act claim pursuant to 28 U.S.C. §1367, pendent jurisdiction.

8. Personal jurisdiction exists over Defendants, Union Railroad Company, LLC, Transtar, LLC, United States Steel Corporation because, *inter alia*, they each maintain a principal place of business and/or conduct substantial business in the Commonwealth of Pennsylvania.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events and/or omissions giving rise to the Plaintiff's claims emanated from activities within this jurisdiction and Defendants conduct substantial business within this jurisdiction.

10. Plaintiff filed a Charge of Discrimination for age discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 18, 2019, within 180 days of the termination of his employment, which Charge was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

11. On March 3, 2020 the EEOC issued a Right to Sue letter to the Plaintiff and Plaintiff has filed this action with 90 days of the issuance of the Right to Sue letter.

12. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## THE PARTIES

13. Plaintiff, Scott McCrumb, is an adult individual who resides at 2 Prosser Drive, Finleyville, PA 15332.

14. On July 4, 2019, at the age of 53, Scott McCrumb was improperly terminated from Union Railroad where he worked for nearly 14 years.

15. Defendant, Union Railroad Company, LLC ("Union Railroad") is a for-profit corporation incorporated under the laws of Delaware with a corporate headquarters in Pittsburgh, Pennsylvania and principal place of business in Duquesne, Pennsylvania. Union Railroad is a rail transportation company that, at all relevant times, employed approximately 500 individuals and was the direct employer of Plaintiff and other Senior Employees.

16. Defendant, Transtar, LLC ("Transtar") is a for-profit corporation incorporated under the laws of Delaware with a corporate headquarters and principal place of business in Pittsburgh, Pennsylvania. Union Railroad is a wholly owned subsidiary of Transtar, an entity engaged in the business of transporting raw materials and finished products for a variety of industries.

17. Defendant, United States Steel Corporation ("U.S. Steel") is a for-profit corporation incorporated under the laws of Delaware with a corporate headquarters and principal place of business in Pittsburgh, Pennsylvania. Union Railroad and Transtar are wholly owned subsidiaries of and operate in concert with U.S. Steel.

18. Union Railroad shall be designated as "Employer".

19. At all times material hereto Employer and Transtar, LLC., and United States Steel Corporation acted through its agents and/or employees acting within the course and scope of their agency and/or employment.

## FACTS

20. Plaintiff, Scott McCrumb, was born on October 14, 1965.

21. In May 2005 Plaintiff was hired by Union Railroad.

22. When Plaintiff arrived at work on July 4, 2019, after advising the employer that he would be late, the employer immediately sent the Plaintiff for a drug/alcohol test.

23. When Plaintiff was sent for the test, the Plaintiff was not impaired from fulfilling his work duties as the result of alcohol and/or drugs.

24. On other occasions when employees were sent for random drug/alcohol tests, the employee had punched into work and commenced the shift, before being called for a test.

25. Contrary to prior procedure, on July 4, 2019, management had set up the test before the Plaintiff arrived at work and planned on testing the Plaintiff as soon as he showed up for work.

26. The test had been set up by management as part of a plan to catch the Plaintiff in some infraction to provide an excuse to fire the Plaintiff as part of the pretextual scheme to terminate Union Railroad employees over age 40.

27. Management was aware that Plaintiff had struggled with alcohol in his life and believed that, given Plaintiff's struggles with alcohol, and given that the Plaintiff had called and advised he would be late, there was a likelihood that sending Plaintiff for a test right at the beginning of his shift on July 4, 2019 would result in a failed test.

28.     Plaintiff failed the test as a result of a finding of minimal amount of alcohol in Plaintiff's system.

29.     Employer had a procedure in place of giving an employee who had failed an alcohol test the opportunity to take a 30 day leave to attend an alcohol treatment program and then return to work.

30.     In Plaintiff's case, the Plaintiff was not given the opportunity to attend treatment and then return to work.

31.     The failure of the Employer to give the Plaintiff the opportunity to attend treatment and then return to work was part of the Employer's scheme to terminate Union Railroad employees over age 40.

32.     Employer utilized its demerit system, which assigns demerits for work infractions, to justify the dismissal of the Plaintiff, however, the positive alcohol test of July 4, 2019 was the incident that triggered the dismissal.

33.     At the time of his termination, Plaintiff was 53 years old.

## COUNT I ADEA

34.     Plaintiff incorporates by reference the allegations in Paragraphs 1 through 33 as if fully restated.

35.     Defendant fired Plaintiff because of his age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. §623(a)(1).

36.     Employer's violation of the ADEA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

    a. That Defendants be required to compensate Plaintiff for the full value of his wages from the date of his termination to the present;

    b. That Defendants be required to provide Plaintiff with front pay;

   c. That Defendants be required to compensate Plaintiff for lost benefits including pension benefits;

   d. That a final judgment in favor of Plaintiff and against Defendants be entered for liquidated damages in an amount equal to the amount of wages due and owing Plaintiff as provided by 29 U.S.C. §§626(b) and 216(b);

   e. That Plaintiff be awarded against Defendants the costs and expenses of this litigation and a reasonable attorney fee; and

   f. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## COUNT II – PENNSYLVANIA HUMAN RELATIONS ACT

37. Plaintiff incorporates by reference the allegations in Paragraphs 1 through 36, as if fully restated.

36. Employer fired Plaintiff because of his age, in violation of the Pennsylvania Human Relations Act, 43 P.S. §951-963.

37. Employer's violation of the PHRA was willful.

WHEREFORE, Plaintiff demands judgment as follows:

a. That Defendants be required to compensate Plaintiff for the full value of his wages from the date of his termination to the present;

b. That Defendants be required to provide Plaintiff with front pay;

c. That Defendants be required to compensate Plaintiff for lost benefits pension benefits until Plaintiff's normal retirement date;

d. That Defendants be required to pay compensatory damages;

e. That Plaintiff be awarded against Defendants the costs and expenses of this litigation and a reasonable attorney fee; and

f. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

                Respectfully submitted,

By:    <u>s/ John Newborg</u>
          JOHN NEWBORG, Esquire
          Pa. I.D. No. 22276
          225 Ross Street, 4th Floor
          Pittsburgh, PA 15219
          (412) 874-9442
          newborglaw@gmail.com